## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**KENEISHA WASHINGTON,**

    *Plaintiff,*

    v.

**CLARITY SERVICES, INC.,**

    *Defendant.*

Case No.: 8:25-cv-01943

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Keneisha Washington** ("**Ms. Washington**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **Clarity Services, Inc.** ("**Clarity**"), stating as follows:

## PRELIMINARY STATEMENT

1.    This is an action brought by Ms. Washington against Clarity for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

## JURISDICTION AND VENUE

2.    Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3.    Clarity is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k) and § 48.193, Fla. Stat.

4.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because the acts complained of were committed and / or caused by Clarity within Polk County, Florida, which is in the Middle District of Florida.

## PARTIES

### Ms. Washington

5.     **Ms. Washington** is a natural person residing in Polk County, Florida.

6.     Ms. Washington is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

7.     **Clarity** is a Delaware corporation with a principal business address of 475 Anton Blvd., Costa Mesa, CA 92626.

8.     Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

9.     Clarity is a nationwide *Consumer Reporting Agency* ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing

consumer reports, specifically including mail, internet, and/or telephone communications.

## FACTUAL ALLEGATIONS

### Clarity Produces Clearly Erroneous Reports on Plaintiff

10.    Around July 2019, Clarity began maintaining a credit file on Ms. Washington.

11.    Around May 2020, Clarity incorporated credit information belonging to a separate, unrelated consumer into Ms. Washington's credit file.

12.    Clarity falsely associated information apparently belonging to Wayne Rovaris, an unrelated individual who appears to live in Zachary, Louisiana, into its credit file regarding Ms. Washington.

13.    Clarity incorporated a significant amount of information likely belonging to Wayne Rovaris into its file on Ms. Washington, including:

    a)    Date of birth in 1982

    b)    Home address in Zachary, LA

    c)    Cell phone number ending 5146

    d)    Email address: wa********@gmail.com

    e)    Mr. Rovaris' Employer name

    f)    Mr. Rovaris' Occupation

    g)    Months at employer: 42

    h)    Driver's License: XXX1274 LA

    i)    Date of next paycheck: 05/28/2020

j)    Credit information about a checking account maintained at Woodforest National Bank; and,

k)    Credit inquiry with Eagle Valley Lending

14.    Clarity's file on Ms. Washington was an example of a mixed file.

15.    A mixed file is a credit file that contains information concerning two or more people, rather than the one person about whom it should relate.

16.    Clarity caters its consumers reports to subprime lenders, many of whom utilize the personal identifying information maintained by Clarity to verify the identity of a potential borrower, as the applications are submitted online.

17.    Clarity also incorporates data such as bank accounts and employment information into risk scores that it provides to certain end users upon request.

18.    Thus, Clarity's inclusion of personal identifying information, employment information, and bank account records belonging to another consumer has a severe, negative effect on a consumer's ability to obtain additional credit.

19.    In July 2024, Ms. Washington sued Clarity for violations of the FCRA relating to the aforementioned mixed file and Clarity's inclusion of information belonging to Wayne Rovaris into her file. See *Keniesha Washington vs. Clarity Services, Inc.*, case 8:24-cv-1682, Middle District of Florida, July 17, 2024.

20.    Around October 29, 2024, Clarity deleted all references to Wayne Rovaris from Ms. Washington's credit file and provided Ms. Washington with an updated consumer disclosure reflecting the deletions.

21.     On November 22, 2024, Ms. Washington dismissed her lawsuit against Clarity, with prejudice.

22.     Roughly six weeks later, on or about January 6, 2025, Clarity re-inserted the previously-deleted information, and once again began including information belonging to Wayne Rovaris in Ms. Washington's credit file, such as his name, address, date of birth, cell phone number, bank account information, etc.

23.     As of July 7, 2025, Clarity's file on Ms. Washington included the following information, which was improperly associated with her and likely belongs to Wayne Rovaris:

    a)     Name: Wayne Rovaris

    b)     Date of birth in 1982

    c)     Home address in Zachary, LA

    d)     Cell phone number ending 5146

    e)     Email address: wa********@gmail.com

    f)     Bank account information for an account at Woodforest National Bank

    g)     Credit inquiry with Finwise Bank/OppLoans.[1]

24.     This mixed file resulted from Clarity's reckless and improper methods by which it connects data reported to it by various furnishers and incorporates that data into its files.

---

[1] Clarity included the full address, date of birth, etc.; however, Plaintiff has provided only limited information in this publicly-filed Complaint due to privacy concerns for Mr. Rovaris.

25.    In an aggressive attempt to match every record reported, Clarity's automated system often erroneously matches information to a consumer's credit file with minimal commonalities.

26.    Indeed, Clarity often matches data with the information in its files based on a single data point, such as the same year of birth, instead of utilizing all of the information provided to it.

27.    These erroneous matches occur even when the data from Clarity's furnishers of information contains substantially different identifying information from that of the actual consumer.

28.    Clarity knows that its automated systems erroneously match tradeline information to incorrect consumers' credit files with minimal commonalities.

29.    Despite such knowledge, Clarity has declined to correct its systems.

30.    Clarity knows that its automated systems often erroneously match tradeline information to an incorrect consumer's credit file with minimal commonalities.

31.    Despite such knowledge, Clarity has declined to correct its systems which often appear to match a consumer's data with the information in its files based on a single data point, such as the same year of birth, instead of utilizing all of the information provided to it.

32.    Indeed, even after being sued for this particular issue by Ms. Washington, Clarity's systems failed once again and re-inserted the information belonging to Wayne Rovaris in under 90 days.

33.     At the time Clarity re-inserted this information, it was well aware of the fact information about Wayne Rovaris in no way related to Ms. Washington.

34.     Clarity never sought to verify that the information it had previously deleted concerning Wayne Rovaris could now be verified as accurate and should be reinserted, despite the requirements of 15 U.S.C. § 1681i(5)(B).

35.     Further, Clarity never provided written notice to Ms. Washington that the deleted, disputed information had been reinserted into her credit file, nor did it provide written notice of the name and address of the business associated with the reinsertion of the previously-deleted information.

36.     Clarity, as a CRA, has a legal obligation to use reasonable procedures to assure the maximum possible accuracy of its consumer reports. 15 U.S.C. § 1681e(b).

37.     Despite its obligation, Clarity has sold *dozens* of consumer reports to Ms. Washington's potential lenders in response to her application for credit.

38.      Each of these consumer reports contained the information belonging to Wayne Rovaris identified herein.

39.     Upon learning that Clarity has now re-inserted information into her credit file Ms. Washington took legal action to complain of, Ms. Washington became very concerned, as Clarity's reports concerning her contain egregiously inaccurate information.

40.     One of the products Clarity sells to lenders is called *Clear Digital Identity*™, which it describes as a service that "cross-references application information, phone and email details, and exclusive Clarity data to authenticate

consumer identities and detect application fraud . . . . Comparing a consumer's personal information against phone, email and Clarity data helps to validate the legitimacy of an applicant's information and gives lenders a much greater assurance that applicants are who they claim to be. A failure to authenticate some of the data points can indicate fraud." *See* Clarity Services, Inc., https://www.clarityservices.com/solutions/fraud/clear-digital-identity/ (last visited December 4, 2023).

41.    Upon information and belief, the presence of the name "Wayne Rovaris," combined with what is presumably Mr. Rovaris' personal information being incorporated into Ms. Washington's file, resulted in Ms. Washington's credit applications being falsely flagged as potentially fraudulent.

42.    As evidenced by the glaring errors in its reports, Clarity failed to use reasonable procedures in producing the consumer reports regarding Ms. Washington.

43.    Clarity could reasonably foresee that selling reports which contained data belonging to an unrelated individual would cause significant harm to Ms. Washington.

44.    Similarly, Clarity could reasonably foresee that producing credit reports which contain information about another person would likely cause harm to the consumer for whom the report was created and for others (*e.g.*, Wayne Rovaris) whose information was thereby improperly disclosed.

45.    As a result of Clarity's conduct, Ms. Washington has suffered damage to her credit scores, damage to her reputation, and loss of credit.

46.     Clarity's file on Ms. Washington also included other demonstrably false information.

47.     Clarity's file on Ms. Washington also included information *not actually reported about her* but rather fabricated by Clarity's automated systems.

48.     Clarity reported that on January 17, 2025, that Ms. Washington's net monthly income was "$0.00."

49.     The $0.00 value is a default value inserted by Clarity's automated systems as a placeholder, likely due to the furnisher of information not providing an occupation or providing one that could not be imported by Clarity's automated system.

50.     However, since Clarity does not disclose the $0 value is a placeholder and not actually reported to it, readers of the Ms. Washington's reports would reasonably conclude she had no income at that point, which is false.

## Clarity's Violations of the FCRA, § 1681g

51.     July 7, 2025, Ms. Washington requested a consumer credit disclosure from Clarity.

52.     Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Ms. Washington's requests, Clarity was required to "clearly and accurately" disclose *all* information in Ms. Washington's file at the time of her request, as well as the *sources of information relied upon*.

53.     When providing Ms. Washington with her disclosures, Clarity included information stating that she, supposedly, had three different Florida driver's licenses, although Ms. Washington only has one.

54.    Clarity provides the full, unredacted license numbers to its paying customers that it sells reports to about Ms. Washington.

55.    However, in Clarity's disclosure to Ms. Washington, it redacted all but the last four digits of her, ostensibly, three different Florida driver's license numbers.

56.    Compounding the issue, two of the license numbers apparently have the same last four digits, making it impossible to disambiguate them without the full, unredacted numbers.

57.    Additionally, upon receipt of Ms. Washington's requests for her consumer disclosures, Clarity was required to "clearly and accurately" disclose all information in Ms. Washington's file at the time of her request, including identification of *each* person, including an end user if the report was obtained by a reseller, who obtains a consumer report from Clarity within the prior year *for any purpose*. *See* 15 U.S.C. § 1681g(a)(3)(A)(ii).

58.    "Identification" is defined in the FCRA as "the name of the person or, if applicable, the trade name (written in full) under which such person conducts business." 15 U.S.C. § 1681g(a)(3)(B)(i).

59.    Frequently, Clarity fails to fulfill its legal obligations in disclosing this data, often disclosing an incomprehensible string of characters which virtually no one could comprehend.

60.    For example, Clarity's disclosures to Ms. Washington contains inquiries made on July 14, 2024; September 12, 2024; October 10, 2024; November 4, 2024;

January 3, 2025; February 27, 2025; April 24, 2025; and May 22, 2025, disclosed to Ms. Washington as such:

| | | |
|---|---|---|
| 7/14/2024  7:59:59 pm EDT 40074189085 | Pre-screen | CCFLOW/TLS/AF247 |
| 9/12/2024  7:59:59 pm EDT 41402453062 | Pre-screen | CCFLOW/TLS/AF247 |
| 10/10/2024  7:59:59 pm EDT 41916034083 | Pre-screen | CCFLOW/TLS/AF247 |
| 11/4/2024  6:59:59 pm EST 42485043875 | Pre-screen | CCFLOW/TLS/AF247 |
| 1/3/2025  6:59:59 pm EST 43283461308 | Pre-screen | CCFLOW/TLS/AF247 |
| 2/27/2025  6:59:59 pm EST 44116478570 | Pre-screen | CCFLOW/TLS/AF247 |
| 4/24/2025  7:59:59 pm EDT 45176407537 | Pre-screen | CCFLOW/TLS/AF247 |
| 5/22/2025 10:39:51 am EDT qxvjva4e43 | Credit Application | Online Line of Credit    CCFLOW/TLS/AF247 |

61.    Clarity disclosed three end users concerning a single inquiry.

62.    Moreover, "CCFLOW," "TLS" and "AF247" are not the names of any creditor readily ascertainable to a reasonable person.

63.    For example, a Google search for "TLS" produced several results, including Transport Layer Security.

64.    Clarity has been sued numerous times in the past for failing to disclose the names of persons or entities obtaining credit reports as required by law.

65.    The lack of accurate, full disclosure of who had obtained her credit report caused Ms. Washington great frustration and emotional distress and made her concerned she was the victim of fraud or identity theft.

66.    Ms. Washington did not recognize "CCFLOW," "TLS," "AFS247."

67.    Clarity has been failing to provide the legally-required trade names of persons obtaining credit reports, written in full, for at least 10 years, and often substitutes impossible-to-understand shorthand instead.

68.    Clarity specifically chose which information to disclose in its consumer report, and therefore acted willfully in preparing a deficient report. In the alternative, Clarity has acted with gross recklessness and a complete disregard for the rights of consumers to have accurate and complete reports generated about them and to receive such reports.

### Clarity's Violations of the FCRA, § 1681b(a)

69.    On or about January 6, 2025, Opportunity Financial, a sub-prime lender which makes loans at interest rates typically exceeding 150% annually, requested a consumer report regarding Wayne Rovaris.

70.    Opportunity Financial clearly stated whom it was asking for a report on, providing Wayne Rovaris' name, along with his Louisiana address, Louisiana phone numbers, date of birth, and Social Security number.

71.    In response, Clarity supplied Opportunity Financial with a report containing Ms. Washington's personal and private information.

72.    Clarity had no reasonable basis to believe Opportunity Financial had asked for a report about Plaintiff, or that any other permissible purpose to sell Plaintiff's report to Opportunity Financial existed.

73.     Clarity frequently sells reports about consumers to online lenders who requested reports on unrelated individuals and has been sued many times in the past for these actions. See, e.g., *Alexander Gil vs. Clarity Services, Inc.*, case 8:23-cv-00845, M.D. Fla., April 18, 2023 (sale of report of a Florida consumer to online lender requesting report of unrelated Nevada resident); *Donna Ford vs. Clarity Services, Inc.*, case number 4:22-cv-00301-MW-MAF, N.D. Fla., July 2022 (sale of report of a Florida consumer to online lender requesting report of unrelated male Oregon resident as well as an unrelated male Florida resident).

74.     Ms. Washington has suffered severe emotional distress and has spent time and money in an attempt to correct her file and force Clarity to comply with its statutory obligations, and in procuring counsel.

75.     Ms. Washington has hired the aforementioned law firm to represent her in this matter and has assigned her right to fees and costs to the firm.

### COUNT I
### WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)

76.     Ms. Washington reincorporates paragraphs 1 - 75 as if fully stated herein.

77.     Clarity willfully violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Ms. Washington, as reasonable procedures would not have resulted in Clarity's inclusion of information concerning another individual into Ms. Washington's reports, or the inclusion of other false information, including addresses,

as well as information Clarity knew its automated systems literally made up, like a net monthly income of $0.

78.    Clarity's conduct was willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

79.    Clarity's policies could reasonably be foreseen to cause harm to Ms. Washington.

80.    Clarity is thus liable to Ms. Washington, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Washington's actual damages or statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Washington respectfully requests this Honorable Court enter judgment in her favor, and against Clarity, for:

a.    The greater of Ms. Washington's actual damages or statutory damages of $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3);

c.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and,

d.    Such other relief that this Court deems just and proper.

## COUNT II
## <u>NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)</u>

### <u>Pled in the Alternative to Count I</u>

81.     Ms. Washington reincorporates paragraphs 1 - 75 as if fully stated herein.

82.     Clarity failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold to regarding Ms. Washington, and such failures could reasonably be seen to cause harm to individuals like Ms. Washington whose potential lenders and creditors end up receiving inaccurate credit reports on them, causing the consumer to be denied loans or extensions of credit.

83.     Thus, Clarity negligently violated **15 U.S.C. § 1681e(b)** by including information of an unrelated individual in reports sold to Ms. Washington's potential creditors and lenders.

84.     As such, Ms. Washington is entitled to her actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Washington respectfully requests this Honorable Court enter judgment in her favor, and against Clarity, for:

a.      Ms. Washington's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.      Such other relief that this Court deems just and proper.

## COUNT III
## WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681b(a)(3)

85.    Ms. Washington reincorporates paragraphs 1 - 75 as if fully stated herein.

86.    Clarity violated **15 U.S.C. § 1681b(a)(3)** when it furnished a consumer report regarding Plaintiff to Opportunity Financial in response to a request for a report on an unrelated individual with a different name, date of birth, and Social Security number.

87.    Clarity had no reason to believe it had permissible purpose to furnish a report regarding Ms. Washington, as there are essentially no commonalities between the consumer whom Opportunity Financial requested a report and Ms. Washington.

88.    Clarity knows, through complaints from other consumers, that its automated systems often provide data about unrelated consumers in response to requests for reports by lenders.

89.    Clarity's conduct was willful and intentional, or alternately, was done with a reckless disregard for its duties under the FCRA.

90.    Clarity is thus liable to Ms. Washington, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Washington's actual damages and statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Washington respectfully requests this Honorable Court enter judgment in her favor, and against Clarity, for:

a.      The greater of Ms. Washington's actual damages or statutory damages of $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3);

c.      Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and,

d.      Such other relief that this Court deems just and proper

## COUNT IV
## NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681b(a)(3)

### Pled In the Alternative to Count III

91.    Ms. Washington reincorporates paragraphs 1 - 75 as if fully stated herein.

92.    Clarity violated **15 U.S.C. § 1681b(a)(3)** when it furnished a consumer report regarding Plaintiff to Opportunity Financial in response to a request for a report on an unrelated individual with a different name, date of birth, and Social Security number.

93.    Clarity had a legal duty to Ms. Washington to only sell consumer reports to those persons with a permissible purpose to obtain.

94.    Clarity breached this duty when it furnished a consumer report regarding Plaintiff to Opportunity Financial.

95.    Clarity's conduct was thus negligent, and as such, Ms. Washington is entitled to her actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE**, Ms. Washington respectfully requests this Honorable Court enter judgment in her favor, and against Clarity, for:

a.      Ms. Washington's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.     Such other relief that this Court deems just and proper.

## COUNT V
## WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(3)(A)(ii)

96.     Ms. Washington reincorporates   paragraphs 1 – 75 as if fully stated herein.

97.     Clarity violated **15 U.S.C. § 1681g(a)(3)(A)(ii)** when it failed to identify each person, including the end-user, when applicable, that procured Ms. Washington's consumer report during the one-year period preceding the date of the request.

98.     Clarity has been placed on notice that it frequently discloses end users with multiple abbreviations that are unknown to the consumer, and thus fails to meaningfully identify them.

99.     Clarity's conduct was willful and intentional, or alternately, was done with a reckless disregard for its duties under the FCRA.

100.     Clarity is therefore liable, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Washington's actual damages and statutory damages not to exceed $1,000 *for each violation*, punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Washington respectfully requests this Honorable Court enter judgment in her favor, and against Clarity, for:

a.     The greater of Ms. Washington's actual damages or statutory damages of $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3);

c.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and,

d.    Such other relief that this Court deems just and proper.

## COUNT VI
## NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(3)(A)(ii)

### Pled in the alternative to Count V

101.    Ms. Washington reincorporates paragraphs 1 – 75 as if fully stated herein.

102.    Clarity owed Ms. Washington a legal duty, upon receipt of Ms. Washington's request for her consumer disclosure, to identify each person, including the end-user, when applicable, that procured Ms. Washington's consumer report during the one-year period preceding the date on which the request was made.

103.    Clarity breached this duty when it failed to clearly identify the persons who obtained Ms. Washington's consumer report on July 14, 2024; September 12, 2024; October 10, 2024; November 4, 2024; January 3, 2025; February 27, 2025; April 24, 2025; and May 22, 2025; identified by Clarity as "CCFLOW/TLS/AF247."

104.    Clarity's breach violated 15 U.S.C. § 1681g(a)(3)(A)(ii) and Clarity is therefore liable, pursuant to 15 U.S.C. § 1681o, for Ms. Washington's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE**, Ms. Washington respectfully requests this Honorable Court enter judgment in her favor, and against Clarity, for:

a.    Ms. Washington's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2);
and,

c.    Such other relief that this Court deems just and proper.

### COUNT VII
### WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(5)(B)(i)

105.    Ms. Washington reincorporates paragraphs 1 – 75 as if fully stated herein.

106.    Clarity violated **15 U.S.C. § 1681i(a)(5)(B)** when it reinserted previously-deleted information into Ms. Washington's credit file without first obtaining certification of accuracy.

107.    Clarity had legal action taken against it in the preceding 90 days concerning its association of Ms. Washington with Wayne Rovaris and knew the two individuals were unrelated. As such, it knew any reinsertion of this information required, at the absolute bare minimum, certification of accuracy per the FCRA.

108.    Clarity's conduct was willful and intentional, or alternately, was done with a reckless disregard for its duties under the FCRA.

109.    Clarity is therefore liable, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Washington's actual damages and statutory damages not to exceed $1,000 *for each violation*, punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Washington respectfully requests this Honorable Court enter judgment in her favor, and against Clarity, for:

a.    The greater of Ms. Washington's actual damages or statutory damages of $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3);

c.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and,

d.    Such other relief that this Court deems just and proper.

## COUNT VIII
## NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(5)(B)(i)

### Pled in the alternative to Count VII

110.    Ms. Washington reincorporates paragraphs 1 – 75 as if fully stated herein.

111.    Clarity owed Ms. Washington a legal duty to obtain certification of accuracy of previously-deleted information prior to reinserting it into her file.

112.    Clarity breached this duty when it reinserted the information belonging to Wayne Rovaris without obtaining certification of accuracy.

113.    Clarity's breach violated 15 U.S.C. § 1681i(a)(5)(B) and as such, Clarity is liable, pursuant to 15 U.S.C. § 1681o, for Ms. Washington's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE**, Ms. Washington respectfully requests this Honorable Court enter judgment in her favor, and against Clarity, for:

a.    Ms. Washington's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.    Such other relief that this Court deems just and proper.

## COUNT IX
## <u>WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(5)(B)(ii)</u>

114.    Ms. Washington reincorporates paragraphs 1 – 75 as if fully stated herein.

115.    Clarity violated **15 U.S.C. § 1681i(a)(5)(B)(ii)** when it reinserted previously-deleted information into Ms. Washington's credit file without sending notice to Ms. Washington.

116.    Clarity was aware from Ms. Washington's first legal action that Wayne Rovaris was unrelated. As such, it knew any reinsertion of this information required, certification of accuracy per the FCRA and notice to Ms. Washington.

117.    Clarity's conduct was thus willful and intentional, or alternately, was done with a reckless disregard for its duties under the FCRA.

118.    Clarity is therefore liable, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Washington's actual damages and statutory damages not to exceed $1,000 *for each violation*, punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Washington respectfully requests this Honorable Court enter judgment in her favor, and against Clarity, for:

a.    The greater of Ms. Washington's actual damages or statutory damages of $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3);

c.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and,

d.    Such other relief that this Court deems just and proper.

## COUNT X
## NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(5)(B)(ii)

### Pled in the alternative to Count IX

119.    Ms. Washington reincorporates paragraphs 1 – 75 as if fully stated herein.

120.    Clarity owed Ms. Washington a legal duty to notify her when previously-deleted information was reinserted into her file.

121.    Clarity breached this duty when it reinserted the information belonging to Wayne Rovaris without notifying Ms. Washington.

122.    Clarity's breach violated 15 U.S.C. § 1681i(a)(5)(B)(ii) and as such, Clarity is liable, pursuant to 15 U.S.C. § 1681o, for Ms. Washington's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE**, Ms. Washington respectfully requests this Honorable Court enter judgment in her favor, and against Clarity, for:

a.      Ms. Washington's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.      Such other relief that this Court deems just and proper.

## <u>JURY TRIAL DEMANDED</u>

Ms. Washington hereby demands a trial by jury on all issues so triable.

Respectfully submitted on July 24, 2025, by:

**SERAPH LEGAL, P. A.**

/s/ *Bryan J. Geiger*
Bryan J. Geiger, Esq.
Florida Bar Number: 119168
BGeiger@SeraphLegal.com
2124 W. Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230 (Ext: 305)
Fax: 855-500-0705
*Counsel for Plaintiff*